**Stephen H. Buckley, OSB #80178**
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #00224
ccadonau@brownrask.com
BROWNSTEIN | RASK
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
        Attorneys for Plaintiffs

<br>

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND and THE PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS, | Civil No. _____ |
| | |
| Plaintiffs, | **COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |
| v. | |
| WALDRON & SONS, INC., | |
| Defendant. | |

///        ///

Page 1 - **COMPLAINT**

Plaintiffs allege:

## I

## **THE PARTIES**

1.      Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Apprenticeship Fund) (collectively, the "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2.      The Health Fund, Vacation Fund and Apprenticeship Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA.  Numerous employers pay fringe benefit contributions to the Health Fund, Vacation Fund, Apprenticeship Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.      The Union is a labor organization with its principal office and place of business in SeaTac, Washington.  The Union is the successor to the Pacific Northwest District Council of Carpenters.

///      ///

Page 2 - **COMPLAINT**

4.     Defendant is an Oregon corporation.  At all times material to this proceeding (May 2012, July 2012, September and October 2012, December 2012 and April 2013), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

**JURISDICTION**

5.     The Court has jurisdiction over the First and Third Claims for Relief brought by Plaintiffs against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

6.     At all times material to this proceeding (May 2012, July 2012, September and October 2012, December 2012 and April 2013), a written collective bargaining agreement existed between the Union and Defendant.  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant affect commerce. The Court has jurisdiction over all Claims for Relief brought by each Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

III

**JOINDER**

7.     The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims each Plaintiff has against Defendant.

Page 3 - **COMPLAINT**

IV

## **FIRST CLAIM FOR RELIEF**

8.      At all times material to this proceeding (May 2012, July 2012, September and October 2012, December 2012 and April 2013), Defendant has been bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union.  Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trust Funds and Union by the 20th day of the month following the month in which the work was performed by its employees.

9.      The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 12 percent per annum from the date each contribution became due, until paid, and liquidated damages in an amount equal to one percent of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.  The Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement and interest on the delinquent or late paid union dues from the date payment became due, until paid, at the rate of nine percent per annum pursuant to the provisions of ORS 82.010.

Page 4 - **COMPLAINT**

10.     Defendant has failed to pay a portion of its fringe benefit contributions and union dues for work performed in April 2013, and owes the following amounts by virtue thereof: $483.28 in fringe benefit contributions; $58.60 in interest as of May 31, 2014, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($446.32) at the rate of 12% per annum from June 1, 2014, until paid, and interest continuing to accrue on the amount of the unpaid union dues ($36.96) at the rate of 9% per annum from June 1, 2014, until paid; and $58.03 in liquidated damages calculated through May 20, 2014, with liquidated damages continuing to accrue in an amount equal to one percent of the unpaid fringe benefit contributions ($446.32) for each monthly period on and after June 20, 2014, that they remain unpaid.

11.     The Trust Agreements that created the Trust Funds provide that, in the event that an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee.  The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant.

12.     The Trustees of the Trust Funds are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

V

**SECOND CLAIM FOR RELIEF**

13.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 12 of their complaint as though fully set forth herein.

///       ///

Page 5 - **COMPLAINT**

14.     Defendant failed to timely pay its fringe benefit contributions and union dues for work performed in May 2012, July 2012, September and October 2012, December 2012.  As a result thereof, Defendant owes $8.00 in interest to the Union and $186.84 in liquidated damages to the Trust Funds.

15.     The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements that created the Trust Funds.

VI

**THIRD CLAIM FOR RELIEF**

16.     The Trustees of the Trust Funds hereby reallege and incorporate by reference paragraphs 1 through 15 of their complaint as though fully set forth herein.

17.     Based on the untimely payments set forth in paragraph 14, above, Defendant owes $127.84 in interest to the Trust Funds.

18.     The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreement that created the Trust Funds, and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1.     On the **First Claim for Relief**, requiring Defendant to pay the following amounts to Plaintiffs: $483.28 in fringe benefit contributions; $58.60 in interest as of May 31, 2014, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($446.32) at the rate of 12% per annum from June 1, 2014, until paid, and interest continuing to accrue on the amount of the unpaid union dues ($36.96) at the rate of 9% per annum from June 1, 2014, until paid; and $58.03 in liquidated damages calculated through May 20, 2014, with liquidated

damages continuing to accrue in an amount equal to one percent of the unpaid fringe benefit contributions ($446.32) for each monthly period on and after June 20, 2014, that they remain unpaid;

2.       On the **Second Claim for Relief**, requiring Defendant to pay $8.00 in interest to the Union and $186.84 in liquidated damages to the Trust Funds;

3.       On the **Third Claim for Relief**, requiring Defendant to pay $127.84 in interest to the Trust Funds;

4.       Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

5.       Requiring Defendant to pay the Trust Funds' reasonable attorneys' fees incurred herein, plus $102.50 in pre-litigation attorney fees;

6.       Requiring Defendant to pay Plaintiffs' costs and disbursements incurred herein; and

///       ///

///       ///

///       ///

Page 7 - **COMPLAINT**

7.      For such further equitable relief as the Court deems just and proper.

DATED this 5th day of June 2014.

**BROWNSTEIN | RASK**


 \s\ Cary R. Cadonau
Cary R. Cadonau, OSB # 00224
Of Attorneys for Plaintiffs